UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 94-5913

ANTONIO HERNANDEZ, JR.,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
T. S. Ellis, III, District Judge.
(CR-94-249)

Submitted: November 28, 1995

Decided: January 30, 1996

Before MURNAGHAN, LUTTIG, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Dorathea J. Peters, Alexandria, Virginia, for Appellant. Helen F.
Fahey, United States Attorney, Mark J. Hulkower, Assistant United
States Attorney, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Antonio Hernandez, Jr., appeals his convictions of mail fraud and conspiracy to commit arson and mail fraud. The convictions relate to a scheme to burn the Omega Restaurant and to fraudulently collect the proceeds of an insurance policy on that establishment. Because we find no merit in either claim raised on appeal, we affirm the convictions.

I

Testimony at trial revealed that Lerida Baldo owned the restaurant, which by 1990 was having serious financial difficulties. She discussed those problems with her boyfriend, Antonio Hernandez, Sr., Appellant's father, and Appellant, both of whom lived with her. Antonio, Sr., suggested that Baldo secure insurance on the property. Once the property was insured, he would burn the restaurant so that Baldo could collect the proceeds of the insurance policy. Baldo testified that Appellant participated in the discussions. Baldo eventually agreed to the proposal and agreed to pay Antonio, Sr., $10,000 for his services; Appellant was to receive a portion of this money.

In October 1990, Baldo obtained an insurance policy. She, Appellant, and Antonio, Sr., began discussing the planned arson. Among the things discussed was the need to move certain goods, such as food, from the restaurant prior to the fire. As planned, Appellant and his father took perishables from the restaurant to Baldo's home several days before the fire.

On November 6, Appellant, his father, and David Sarmiento, a coconspirator who pled guilty and testified at Appellant's trial, loaded blankets and fuel into Sarmiento's car. According to Sarmiento, Appellant wished his father and Sarmiento luck as they left for the restaurant. Sarmiento testified that, once at the restaurant, he and Appellant's father set fire to fuel-soaked strips of blankets which they had scattered throughout the restaurant.

2

Baldo mailed an insurance claim to her insurer. Because of suspicions about the cause of the fire, the insurance company delayed settlement. Both Appellant and his father became angry with Baldo about not having been paid as promised, and they threatened to harm both her and her family if they were not paid. Baldo testified that Appellant grabbed and choked her because he had not received his money. Baldo terminated her relationship with both men. Ultimately, her insurance claim was denied.

II

Appellant first claims that there was insufficient evidence to convict him. In reviewing the sufficiency of the evidence, we consider "whether, viewing the evidence in the light most favorable to the government, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt." United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982). Circumstantial as well as direct evidence is considered, and the Government is entitled to all reasonable inferences which can be drawn from the facts established. Id. In resolving a sufficiency question, we do not weigh evidence or make credibility determinations. United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989).

Conviction of conspiracy requires a showing of an agreement to commit an illegal act, the defendant's willing participation, and an overt act in furtherance of the conspiracy. United States v. Dozie, 27 F.3d 95, 97 (4th Cir. 1994); see 18 U.S.C.A.§ 371 (West Supp. 1995). Once a conspiracy is established, proof of only a slight connection between the conspiracy and the defendant will sustain a conviction. United States v. Brooks, 957 F.2d 1138, 1147 (4th Cir.), cert. denied, 60 U.S.L.W. 3879 (U.S. 1992). "Mail fraud requires a showing of (1) knowing participation in a scheme to defraud and (2) a mailing in furtherance of the scheme." Dozie , 27 F.3d at 97; see 18 U.S.C.A. § 1341 (West Supp. 1995). To sustain a conviction for arson, the building that was intentionally burned must be shown to have been used in an activity affecting interstate commerce. Business property falls within the reach of the commerce power. United States

3

v. Ramey, 24 F.3d 602, 606-607 (4th Cir. 1994); see 18 U.S.C.A. § 844(i) (West Supp. 1995).*

There was sufficient evidence to convict Appellant of conspiracy to commit mail fraud and arson. He participated in numerous discussions regarding the intended destruction of the restaurant. Several days before the fire, Appellant assisted in removing goods from the restaurant. He expected a share of the proceeds from the insurance proceeds that Baldo was to collect after she mailed a fraudulent claim to the insurer. He assaulted Baldo in his frustration over not having received his share of the money. In short, he was a willing participant in the scheme from its earliest stage, he knew that the ultimate goal of the scheme was to fraudulently obtain insurance money, and he expected a share of that money.

The evidence also was sufficient to sustain Appellant's conviction of mail fraud. A fundamental tenet of conspiracy law is that a defendant is liable for the substantive crimes of his coconspirators when those crimes are reasonably foreseeable. Pinkerton v. United States, 328 U.S. 640, 647 (1946). In the subject case, the mail fraud clearly was both foreseeable and in furtherance of the conspiracy because the ultimate goal of the conspiracy from the start was to defraud the insurance company. Thus, as a coconspirator, Appellant was liable for mail fraud even though it was not he who actually mailed the fraudulent insurance claim. See United States v. Cummings, 937 F.2d 941, 944-45 (4th Cir.), cert. denied, 502 U.S. 948 (1991).

III

Appellant next contends that the Government violated Fed. R. Evid. 613(b) by failing to confront Sarmiento with his prior inconsistent statements prior to impeaching him. When he testified for the Government, Sarmiento denied having any direct discussions with Appellant about the fire. Roberto Sera, who was called by the defense, testified that while he and Sarmiento were in jail together, Sar-

_____

*The parties stipulated at trial that the restaurant was burned due to an intentionally set fire, or arson, as that term is defined in 18 U.S.C.A. § 844(i) (West Supp. 1995), and that the restaurant was a business establishment that affected interstate commerce.

4

miento said that Appellant knew of the plan to burn the restaurant, purchased the fuel with which the fire was started, and helped to load the blankets and fuel into Sarmiento's car. Sarmiento was recalled. Although he initially denied telling Sera that Appellant had advance knowledge of the fire, Sarmiento eventually admitted that Sera had testified truthfully and that Appellant indeed had discussed knowing of--and participating in--the scheme in advance of the fire.

Under Fed. R. Evid. 613(b), the timing of the introduction of impeaching extrinsic evidence is of no moment provided the impeached witness has an opportunity to explain the prior inconsistent statement. Fed. R. Evid. 613(b) advisory committee's notes; see United States v. Peay, 972 F.3d 71, 74 (4th Cir. 1992). In this case, Sarmiento was confronted with Sera's impeaching testimony, and he responded to that testimony. The Government's failure to confront Sarmiento with the prior inconsistent statement during its case-in-chief does not, as Appellant urges, violate Rule 613(b).

IV

We accordingly affirm the convictions. We dispense with oral argument because the facts and legal contentions are fully presented in the materials before us and argument would not aid the decisional process.

AFFIRMED